EXHIBIT A

# EXHIBIT A

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice  Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **21-CI-00301**<br>Court: **CIRCUIT**<br>County: **WHITLEY** |

*Plantiff,* **CATHERS, CHRISTINE VS. LIFE INSURANCE COMPANY OF NORTH AMERI**, *Defendant*

TO: **CT CORPORATION SYSTEM**
    **306 WEST MAIN STREET, SUITE 512**
    **FRANKFORT, KY 40601**

Memo: Related party is LIFE INSURANCE COMPANY OF NORTH AMERICA

The Commonwealth of Kentucky to Defendant:
**LIFE INSURANCE COMPANY OF NORTH AMERICA**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Gary W. Barton, Whitley
Circuit Clerk
Date: **6/7/2021**

Presiding Judge: HON. DAN BALLOU (634292)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20____                    _____
                                                 Served By

                                                 _____
                                                 Title

Summons ID: 354607324088981@00000076895
CIRCUIT: 21-CI-00301 Certified Mail
CATHERS, CHRISTINE VS. LIFE INSURANCE COMPANY OF NORTH AMERI




Page 1 of 1

eFiled

COMMONWEALTH OF KENTUCKY
WHITLEY CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

CHRISTINE CATHERS                                        PLAINTIFF

vs.                            **COMPLAINT**

LIFE INSURANCE COMPANY OF NORTH AMERICA        DEFENDANT
d/b/a CIGNA GROUP INSURANCE

    **To be served through:**
    CT Corporation System
    306 W. Main Street
    Suite 512
    Frankfort, KY 40601

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Christine Cathers, and for her Complaint against Defendant Life Insurance Company of North America d/b/a Cigna Group Insurance (hereinafter "LINA"), states as follows:

1. Plaintiff Christine Cathers is a citizen and resident of Whitley County, Kentucky.

2. Defendant LINA is an insurance company domiciled in the state of Pennsylvania, where it is a citizen and resident, with a statutory home office located at Two Liberty Place, 1601 Chestnut Street, Philadelphia, PA 19192.

3. LINA is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

4. LINA's service of process agent is CT Corporation System, located at 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601, and LINA may be served upon said service of process agent.

5. Jurisdiction and venue are proper in this Court because Defendant transacts business and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Whitley County, Kentucky.

6. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of CTA Acoustics, Inc. employed as Quality Process Auditor.

7. CTA Acoustics, Inc. established and provided a long-term disability ("LTD") Plan to employees, which includes Plaintiff. The LTD policy number is believed to be LK-964562.

8. Plaintiff was covered and eligible under the LTD Plan.

9. The LTD Plan entitles employees to a percentage of their predisability earnings upon satisfaction of the terms of the policy.

10. The LTD policy is believed to define disability and entitle Plaintiff to receive LTD benefits if Plaintiff meets the following definition:

    **Definition of Disability/Disabled**
    The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
    1. unable to perform the material duties of his or her Regular Occupation; or
    2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

    After Disability Benefits have been payable for 36 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
    1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; or
    2. unable to earn 60% or more of his or her Indexed Earnings.

    The Insurance Company will require proof of earnings and continued Disability.

11. Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the LTD policy.

12. Plaintiff, while working for CTA Acoustics, Inc., became disabled under the terms of the LTD policy, which disability arose after the Effective Date of the LTD policy, and she was unable to return to work as a Quality Process Auditor for CTA Acoustics, Inc. since on or about September 27, 2017, and remains disabled under the terms of the LTD policy.

13. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the LTD policy. Plaintiff's LTD claim number is believed to be 10388323-02.

14. Prior to receiving LTD benefits, Plaintiff received short-term disability benefits.

15. On May 14, 2018, Defendant approved Plaintiff's claim for LTD benefits.

16. On May 7, 2020, Defendant denied Plaintiff's claim for LTD benefits beyond April 25, 2020.

17. By letter dated June 26, 2020, Defendant informed Plaintiff that additional medical information it received from Plaintiff's medical provider did not change the decision to deny her claim.

18. On or about July 6, 2020, Plaintiff timely and properly appealed the denial of her LTD benefits, in the manner set forth in the applicable policy.

19. By letter dated January 6, 2021, Defendant upheld the denial of Plaintiff's claim for LTD benefits beyond April 25, 2020.

20. The January 6, 2021, letter states that Plaintiff has "exhausted all administrative levels of appeal" and Plaintiff has "the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."

21. Plaintiff is entitled to payment of LTD benefits, as Plaintiff meets the definition of "disability" under the terms of the applicable policy, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.

22. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

23. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

## COUNT I

24. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

25. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denials of benefits under the applicable plan(s) and to recover benefits under the terms of the plan(s).

26. Defendant's decisions to terminate benefits, and its refusal to reinstate benefits after receiving additional evidence on appeal, were wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

27. Defendant has an inherent conflict of interest because it not only is the entity responsible for paying benefits to Plaintiff, but it is also the entity that makes the determination of whether Plaintiff qualifies for those benefits.

28. Defendant employed doctors to review Plaintiff's claim and used these file review reports to support its denials of benefits. The doctors employed by Defendant did not examine or speak with Plaintiff.

29. Despite Defendant's authority to have Plaintiff examined under the terms of the policy, Defendant did not examine Plaintiff.

30. Defendant disregarded the objective medical evidence submitted by Plaintiff on appeal.

31. Defendant's review process lacked due process to Plaintiff.

Package:000006 of 000008
Presiding Judge: HON. DAN BALLOU (634292)
Package : 000006 of 000008

32. Defendant's review process was biased in favor of Defendant.

33. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed *de novo*.

34. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Respectfully submitted:

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson
Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

| AOC-104 Doc. Code: CCCS<br>Rev. 12-20<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice www.kycourts.gov | <br>**CIVIL CASE COVER SHEET** | Case No. _____<br>Court **Circuit**<br>County **Whitley**<br>Division _____ |
|---|---|---|

**Christine Cathers**      PLAINTIFF/PETITIONER

VS.

**Life Insurance Company of North America**      DEFENDANT/RESPONDENT

☐ Check here if **YOU DO NOT HAVE AN ATTORNEY** and are **REPRESENTING YOURSELF** (a Self-Represented *[Pro Se]* Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**DOMESTIC RELATIONS**
☐ Dissolution/Divorce with Children (DISSO)
☐ Dissolution/Divorce without Children (DISSO)
☐ Paternity (PA)
☐ Custody (CUSTO)
☐ URESA/UIFSA (UR)
☐ Visitation/Parenting Time (VISIT)
☐ Voluntary Termination of Parental Rights (TPR)
☐ Involuntary Termination of Parental Rights (TPR)
☐ Adoption (ADPT)
☐ Other: (DFOTH) _____

**PROBATE / ESTATE**
☐ Guardianship-Adult (GCADLT)
☐ Guardianship-Juvenile (GCJUV)
☐ Guardianship-Conservatorship (CONSVA)
☐ Probate-Testate (with a will) (PB)
☐ Probate-Intestate (without a will) (PB)
☐ Petition to Dispense with Administration (PB)
☐ Name Change (NC)
☐ Other: (PBOTH) _____

**BUSINESS / COMMERCIAL**
☐ Business Tort (BCPI)
☐ Statutory Action (BCSA)
☐ Business Contract Dispute (BCCO)
☐ Other: (BCOTH) _____

**TORT** (Injury)
☐ Automobile (AUTO)
☐ Intentional (INTENT)
☐ Malpractice-Medical (MDML)
☐ Malpractice-Other (MLOTH)
_____
☐ Premises Liability (PREM)
☐ Product Liability (PROD)
☐ Property Damage (PD)
☐ Slander/Libel/Defamation (SLAND)
☐ Other: (PIOTH)

**REAL PROPERTY**
☐ Property Rights (PR)
☐ Condemnation (DOMAIN)
☐ Forcible Detainer (Eviction) (FD)
☐ Forcible Entry (FENTRY)
☐ Foreclosure (FCL)
☐ Other: (COOTH) _____

**EMPLOYMENT**
☐ Employment-Discrimination (DSCR)
☐ Employment-Other (DISPU) _____

**CONSUMER**
☐ Seller Consumer Goods (DEBTG)
☐ Seller Consumer Services (DEBTS)
☐ Buyer Consumer Goods (BUYERG)
☐ Buyer Consumer Services (BUYERS)
☐ Credit Card Debt (CREDIT)
☐ Fraud (FRAUD)
☐ Other: (COOTH) _____

**APPEALS**
☐ Appeal from Administrative Agency (AB)
☐ Appeal from District Court (XI)
☐ Other: (OTH) _____

**MISC CIVIL**
☐ Habeas Corpus (HABEAS)
☐ Non-Domestic Relations Restraining Order (IP)
☐ Tax (TAX)
☐ Writs (WRITS)
☒ Other: (OTH)
   **Employee benefits/insurance**

Package:000008 of 000008    Presiding Judge: HON. DAN BALLOU (634292)    Package : 000008 of 000008